PHILLIPS *v.* PHILLIPS.

PHILLIPS
v.
PHILLIPS.

A husband cannot claim a divorce on account of the adultery of his wife, if he cohabit with her after his knowledge of the offence.

ERROR to the *St. Joseph* Circuit Court.

M'KINNEY, J.—*Anthony Phillips* filed a petition praying a divorce from his wife, the plaintiff in error, on the charge of adultery. The testimony upon which the divorce was granted is made a part of the record. It appears that the adultery of the wife was proved, and that the fact was communicated to the husband, who nevertheless continued to cohabit with her for some time after, and even during the period that the summons, in this case, was in the hands of the officer. No question is better settled, than that "subsequent cohabitation with the wife, with the knowledge of her guilt, is a remission of the offence and a bar to a divorce." *Williamson* v. *Williamson*, 1 Johns. Ch. R. 488.—2 Kent's Comm. 2d ed. 100.

The Circuit Court should have dismissed the petition at the costs of the plaintiff (1).

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*W. Herod* and *S. C. Sample*, for the plaintiff.

*H. Cooper*, for the defendant.

*Tuesday,*
*December 8.*

(1) It does not necessarily follow that a party applying for a divorce, on the charge of adultery, will succeed upon proving the truth of the charge. The Court will refuse a divorce, notwithstanding such proof, in the following cases:—

1. If the complainant has been guilty of a similar offence. The plea in such case of recrimination or *compensatio criminum*—a set-off of equal guilt on the part of the complainant—is founded on the principle, that a man cannot complain of the breach of a contract which he has himself violated. *Beeby* v. *Beeby*, 1 Hagg. Ecc. Rep. 789.—*Crewe* v. *Crewe*, 3 id. 123. And this defence is good, though the complainant's offence was not committed until *after* that of the defendant. *Proctor* v. *Proctor*, 2 Hagg. Con. Rep. 292.—*Brisco* v. *Brisco*, 2 Addams' Ecc. Rep. 259.

2. If the complainant has forgiven the offence. This forgiveness may either be express, or it may be implied from the fact of subsequent cohabitation after knowledge of the offence. Such cohabitation, however, is not so strictly a bar against the wife as it is against the husband. *Beeby* v. *Beeby*, 1 Hagg. Ecc. Rep. 789.—*Wood* v. *Wood*, 2 Paige, 108. The forgiveness of the offence is called *condonation*, and there is an implied condition annexed to it by the party as follows,—"You shall not only abstain from adultery, but shall in future

treat me in every respect with 'conjugal kindness'—on this condition I will overlook the past injuries you have done me." If this condition be broken by subsequent adultery or cruelty, the adultery committed previously to the condonation is revived, and will be the foundation for a divorce. *Durant* v. *Durant*, 1 Hagg. Ecc. Rep. 733.

3. If the adultery was occasioned by the active procurement or passive toleration of the complainant. Connivance and collusion destroy all claim to a remedy by way of divorce. This is founded on the obvious principle, that no man has a right to ask relief from a Court of justice for an injury which he was chiefly instrumental in effecting himself. *Volenti non fit injuria. Harris* v. *Harris*, 2 Hagg. Ecc. Rep. 376.—*Moorsom* v. *Moorsom*, 3 id. 87.—2 Kent's Comm. 3d ed. 100.